NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1229
_____

BETH E. KENDALL,
                                        Appellant,

v.

POSTMASTER GENERAL OF THE UNITED STATES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 10-cv-01209)
District Judge: Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 18, 2013

Before: FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: October 18, 2013)
_____

OPINION
_____

PER CURIAM

        Appellant Beth Kendall appeals from an order of the District Court granting

summary judgment to her former employer, the Postmaster General of the U.S. Postal

Service.  For the reasons that follow, we will affirm.

Kendall was hired by the Postal Service in 2003 as a part-time flexible sales and service distribution associate at the Pulaski, Pennsylvania post office. On February 14, 2007, Kendall allegedly suffered a back injury while shoveling snow outside the front door of the post office. She filed a federal workers' compensation claim on February 16, 2007 for that injury, see 5 U.S.C. § 8116(c). Thereafter, Kendall experienced difficulties receiving pay for her absences, and in getting her Sick Leave, Annual Leave, and Family Medical Leave Act hours approved and/or reinstated. On December 31, 2007, Kendall filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging that the Postal Service had engaged in "retaliation/discrimination/ harassment" after she filed her "OWCP claim for my on the job injury while shoveling snow at the Pulaski office on 2-14-07." Importantly for our purposes here, Kendall did not check any of the boxes for "Type of Discrimination You Are Alleging (Race, Color, Religion, National Origin, Sex, Age, Retaliation, and Disability)" on the EEO Charge form. In addition, prior to submitting the Charge of Discrimination, Kendall also filled out two "Information for Pre–Complaint Counseling" forms, in which she explained that she was being retaliated against and harassed for filing a workers' compensation claim. These submissions also made no mention of discrimination or harassment on the basis of race, color, gender, national origin, age, or disability.

The EEOC allowed Kendall's claim to proceed upon the mistaken impression that her Charge of Discrimination alleged retaliation for prior EEO activity; in fact, Kendall's 2007 Charge relating to her workers' compensation claim was her first contact ever with the EEOC. As the case proceeded, the EEOC ordered the Postal Service to answer

2

Kendall's discovery requests, and, when the Postal Service failed to comply, an Administrative Law Judge sanctioned the Postal Service by awarding Kendall a default judgment on her Charge of Discrimination. The Postal Service did not contest the sanction or seek to reopen the default judgment and apparently paid over $30,000 in damages to Kendall.

In the meantime, on October 2, 2009, Kendall submitted another pre-complaint grievance with the EEOC, alleging that the Postal Service had mistreated her in retaliation for her 2007 Charge of Discrimination. On December 11, 2009, Kendall was fired by the Postal Service for allegedly improperly opening mail addressed to the "Postmaster." After her termination, Kendall filed a second EEO Charge of Discrimination (on February 28, 2010), alleging that she was terminated in retaliation for her 2007 EEO case. Under "Type of Discrimination You Are Alleging," Kendall checked the "Retaliation" box.

After receiving a right to sue letter for the second Charge, Kendall filed suit in the United States District Court for the Western District of Pennsylvania, alleging that the Postal Service terminated her in unlawful retaliation for her prior protected activity, in violation of Title VII, 42 U.S.C. § 2000e, et seq., and the Rehabilitation Act, 29 U.S.C. 701, et seq. Kendall asserted that the protected activities which provided the basis for her claim of retaliation were her 2007 EEO Charge and her October, 2009 pre-complaint activity. Discovery ensued and depositions were taken. At the close of discovery, the Postmaster General moved for summary judgment, see Fed. R. Civ. Pro. 56(a). In a supplemental brief in support of the motion, the Postmaster General argued that Kendall

3

had not engaged in statutorily protected activity. Kendall, in response to the motion for summary judgment, conceded that she did not have a valid Title VII retaliation claim because her claims did not originate with alleged discrimination on the basis of race, color, gender, national origin, age, or religion, but she argued that her Rehabilitation Act retaliation claim presented a triable issue in that it arose out of her physical and mental disability. Kendall pointed to the extensive testimony during discovery regarding her various leaves of absence and whether she supplied the proper documentation regarding those requested leaves. The District Court heard oral argument on the motion for summary judgment and then granted it; judgment was entered on January 9, 2013. The court held that Kendall had not engaged in protected activity under the Rehabilitation Act because her 2007 EEO Charge was facially invalid. See Kendall v. Donahue, 913 F.Supp.2d 186 (W.D. Pa. 2012).

Kendall appeals. We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's grant of summary judgment de novo. See Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is proper where the summary judgment record "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). The moving party has the initial burden of identifying evidence that shows an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In addition, we are required to view the facts in the light most favorable to the non-moving party, and make all reasonable inferences in her favor. See Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). But, "[w]here the record taken as a whole could not

4

lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

We will affirm. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(d), incorporates by reference the substantive standards of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12201-04, 12210. See Shiring v. Runyon, 90 F.3d 827, 830 (3d Cir. 1996). Section 503(a) of the ADA prohibits retaliation, providing that: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Precedent interpreting the ADA is relevant to interpreting the Rehabilitation Act. See Fogleman v. Mercy Hospital, Inc., 283 F.3d 561, 567 (3d Cir. 2002) (addressing retaliation claim under ADA).

To make out a prima facie case of retaliation under the Rehabilitation Act, Kendall was required to show that (1) she engaged in protected activity; (2) she suffered a materially adverse action; and (3) there is a causal connection between the adverse action and the protected activity. See id. The parties agree that this appeal turns on whether Kendall engaged in protected activity. Kendall argues in her Amended Informal Brief that her protected activity included: her 2007 EEO case; her 2007 EEO claims brought forth for counseling; and her 2009 EEO claims brought forth for counseling. See Amended Informal Brief, at 5. The District Court concluded that, when Kendall filed the 2007 Charge of Discrimination with the EEOC, alleging only that she had been retaliated against for filing a workers' compensation claim, she did not engage in protected activity.

5

The 2007 EEO Charge was facially invalid, and therefore insufficient to constitute protected activity, because at no time did Kendall complain of discrimination or retaliation on the basis of disability or any other status protected by the federal anti-discrimination statutes. We agree. Although the filing of an EEO Charge is normally protected activity under the participation clause, 42 U.S.C. § 12203(a) ("No person shall discriminate against any individual … because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter"), under the circumstances presented here, it is not. Kendall's paperwork surrounding her 2007 EEO Charge uniformly shows that she believed she was retaliated against for filing a federal workers' compensation claim.

In Slagle v. County of Clarion, 435 F.3d 262 (3d Cir. 2006), we addressed a Title VII retaliation claim involving two EEO charges. We held that the filing of an EEO Charge of Discrimination by itself was not protected activity under Title VII's anti-retaliation provision where that Charge did not facially allege a violation of Title VII's anti-discrimination provisions. The plaintiff had filed an EEO Charge against his employer alleging discrimination on the basis of his "whistleblowing, in violation of his civil rights;" it did not allege that he was subjected to discrimination on any basis protected by Title VII. The plaintiff then asserted in a second and subsequent EEO Charge that he was eventually discharged from his position in retaliation for his filing of the first Charge. Id. at 263-64. In holding that the plaintiff had not engaged in protected activity, we explained that a plaintiff must allege in the first charge that the employer violated Title VII by discriminating against him on the basis of either race, color,

6

religion, sex, or national origin, but a charge alleging "unspecified civil rights violations," was facially invalid and could not give rise to a subsequent Title VII claim of retaliation. See id. at 267-68.

Slagle's reasoning applies with equal force to this case. Under Slagle, Kendall's 2007 EEO case is considered protected activity only if it involves a facially valid complaint of discrimination or retaliation in violation of the ADA or Rehabilitation Act. These statutes prohibit discrimination and retaliation against qualified persons with disabilities, but they do not protect against retaliation on the basis of an individual's having filed a claim seeking benefits for an on-the-job injury. Just as an initial charge alleging unspecified civil rights violations cannot form the basis of a later Title VII retaliation claim, Kendall's initial charge based on filing a workers' compensation claim cannot form the basis of a later Rehabilitation Act retaliation claim. Kendall's 2007 EEO Charge could only have constituted protected activity under the Rehabilitation Act if she had made a facially valid complaint of discrimination on the basis of a disability or a physical or mental impairment, but she alleged only that she was discriminated against for filing a federal workers' compensation claim. See Reynolds v. American National Red Cross, 701 F.3d 143, 154 (4th Cir. 2012) ("Filing a workers' compensation claim is not something that is covered by the ADA, but rather by retaliation provisions under state law."); Leavitt v. SW & B Construction Co., 766 F. Supp.2d 263, 286 (D. Me. 2011) (employee's filing of workers' compensation claim not protected activity under ADA). Here, there was no genuine dispute that the basis of Kendall's 2007 EEO Charge was not

7

disability discrimination, because she did not identify any disability, and the allegations she made did not suggest that she was seeking accommodation for any disability.

In arguing that her 2007 EEO Charge was facially valid, Kendall notes that she received "a monetary award in regards to [her] 2007 EEO/EEOC Complaint." See Amended Informal Brief, at 20. The fact that Kendall was awarded a default judgment in her 2007 EEO case does not affect the protected activity analysis, because her 2007 Charge was not actually litigated or addressed on the merits. Kendall received money damages solely because the Postal Service neglected to comply with discovery. Kendall also argues that, in addition to the 2007 EEO Charge, she engaged in protected activity when she sought EEO counseling in the fall of 2009 prior to filing her second EEO Charge. This argument also does not save her claim because, as noted by the District Court, it suggests that "what starts out as wholly unprotected activity can somehow become protected activity via persistence in piling on layers of claimed retaliation, each nonetheless having its genesis in a facially invalid disability charge." Kendall, 913 F. Supp.2d at 196.

Last, we reject as meritless Kendall's assertions that the summary judgment record was incomplete, and that her membership in a class defined by the "McConnell" class action proves that her 2007 EEO Charge was facially valid, see Informal Brief, at 7-8, and we decline to consider any items that were not made a part of the district court record.

For the foregoing reasons, we will affirm the order of the District Court granting summary judgment to the Postmaster General. Appellant's motion for permission to

8

include documents not admitted in the district court record and motion for leave to file a supplemental appendix are denied. Appellant's second motion for an extension of time to file a reply brief and request to exceed the page limit for a reply brief are denied. Appellant's motion for additional time to supplement the appendix and motion to include documents not in the record are also denied.